OPINION
{¶ 1} Appellant, Fred Stinson, appeals from the judgment of conviction and sentence entered upon a jury's verdict finding Appellant guilty of one count of Robbery, in violation of R.C.2911.02(A)(2), a second degree felony. A timely Notice of Appeal was filed on July 18, 2005. On October 4, 2005, counsel for Appellant filed a brief pursuant to Anders v. California
(1997), 388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377, indicating that the within appeal was wholly frivolous. However, in said brief, counsel for Appellant raised one potential assignment of error as follows:
 {¶ 2} "THE VERDICT OF THE JURY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 3} Appellant's counsel further stated that Appellant had been notified of his right to file a pro se merit brief. No merit brief has been filed by Appellant.
 ASSIGNMENT OF ERROR {¶ 4} "THE VERDICT OF THE JURY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 5} In determining whether a conviction is against the manifest weight of the evidence, an appellate court: "[M]ust review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339, 340,515 N.E.2d 1009.
 {¶ 6} A weight of the evidence challenge indicates that a greater amount of credible evidence supports one side of the issue than supports the other. State v. Thompkins, (1997)78 Ohio St.3d 380, 387, 678 N.E.2d 541. Further, when reversing a conviction on the basis that the conviction was against the manifest weight of the evidence, the appellate court sits as the "thirteenth juror" and disagrees with the fact finder's resolution of the conflicting testimony. Id. at 388. An appellate court must make every reasonable presumption in favor of the judgment and findings of fact of the trial court. Karchesv. Cincinnati (1988), 38 Ohio St.3d 12, 19, 528 N.E.2d 1350. "The verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier of fact." State v. Clemons (1998),82 Ohio St.3d 438, 444, 696 N.E.2d 1009, citing State v. Jenks,61 Ohio St.3d 259 at 273, 574 N.E.2d 492. Therefore, this Court's "discretionary power * * * should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717, See also, State v. Otten,33 Ohio App.3d at 340.
 {¶ 7} In this case, Appellant was charged with aggravated robbery, but was convicted of the lesser included offense of robbery. Ohio Revised Code Section 2911.02 sets forth the elements of robbery as follows:
 {¶ 8} "(A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense shall do any of the following:
 {¶ 9} (1) Have a deadly weapon on or about the offender's person or under the offender's control;
 {¶ 10} (2) Inflict, attempt to inflict, or threaten to inflict physical harm to another;
 {¶ 11} (3) Use or threaten the immediate use of force against another."
 {¶ 12} During the trial the State presented the testimony of the investigating officer and the victim. The victim testified that on February 10, 2005, she left her home to do some errands. As she moved toward her vehicle, the Appellant approached her asking for directions. She stated that the Appellant continued to rapidly approach her and grabbed her purse from her shoulder. She stated that at the time of the incident, her purse contained Six Hundred Dollars ($600.00) and other personal effects. The victim stated that she reacted and attempted to grab the purse away from the fleeing Appellant. During the struggle over the purse, the victim stated that she was knocked by the Appellant into a nearby lawn ornament. The fall caused her to suffer bruising to the left-hand side of her face and her side. Officers later recovered the purse and its contents. After being apprehended and positively identified by the victim, the Appellant made two separate statements to the investigating detective. The officer testified that Appellant admitted to a theft of the victim's purse, but denied using any force in the commission of the theft offense.
 {¶ 13} Appellant rested his case without presenting any evidence or witnesses.
 {¶ 14} The trial court instructed the jury that they must consider the charged offense of aggravated robbery or, in the alternative, if the State had failed to prove the elements of that offense beyond a reasonable doubt, the jury was instructed to consider the lesser offense of robbery. After due deliberation, the jury found Appellant guilty of the lesser-included offense of robbery.
 {¶ 15} After a careful review of the entire record, weighing the evidence and all reasonable inferences and considering the credibility of the witnesses, this Court cannot conclude that the trial court clearly lost its way when it found Appellant guilty of the lesser-included offense of robbery. The trial court was in the best position to evaluate the credibility of witnesses and give proper weight to their testimony. See State v. DeHass
(1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus. The testimony of the victim, and the investigating officer established that Appellant committed the lesser-included offense of robbery.
 {¶ 16} Based on the foregoing, this Court cannot find that Appellant's conviction was against the manifest weight of the evidence. Accordingly, after independently reviewing the record, we agree with counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. Hence, we find the appeal to be wholly frivolous under Anders, grant counsel's request to withdraw, and affirm the judgment of the trial court.
 {¶ 17} The judgment of the Licking County Court of Common Pleas, General Division, is affirmed.
Farmer, J. Gwin, PJ. and Boggins, J. concur.
 JUDGMENT ENTRY {¶ 18} For the reasons stated in the Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas, General Division, is affirmed.
 {¶ 19} Attorney Terrence J. Baxter's motion to withdraw as counsel for Appellant, Fred J. Stinson, Jr. is hereby granted.